# MARIA O'CONNOR v. PHILIP H. BLAKE.

PRIOR ACTION PENDING AS A DEFENSE.—The defense of a prior *lis pendens* is available only where the plaintiff at least, in both actions, is the same.

DEBTS ON WHICH ATTACHMENTS MAY ISSUE.—An attachment may be issued on a debt contracted at any time since the passage of the Practice Act, April 29th, 1851.

PRACTICE ACT CONCERNING ATTACHMENTS.—The words "made after the passage of this Act," in the Act concerning attachments, are not limited to debts con-

tracted after the amendment of the Act in 1860, but refer to the Act as passed in 1851.

RETURN OF OFFICER ON ATTACHMENT.—Where an officer, by virtue of a second attachment, levies on property already in his possession by virtue of a former attachment, it is only necessary for him to return that he has attached the interest of the defendant in the property then in his possession.

JUDGMENT FOR DEFENDANT DISSOLVES AN ATTACHMENT.—In case of a dismissal of an action by a Justice of the Peace for non-appearance of the plaintiff, the judgment for defendant operates as a dissolution of an attachment, although the Justice reinstates the case, and the parties appear and try it.

POWER OF JUSTICE TO VACATE A JUDGMENT.—A Justice of the Peace has no power to vacate a judgment of dismissal on the ground of non-appearance of the plaintiff, and reinstate the case.

JUDGMENT IN REPLEVIN.—In an action to recover possession of personal property, if the plaintiff takes the property at the commencement of the action, and the defendant prays a return of it, and the defendant was entitled to the property at the commencement of the action, but his right has ceased and vested in the plaintiff before trial, the judgment should leave the property in plaintiff's possession, but award costs to defendant.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

In the case of *Otis* v. *Barrett*, the Constable, in his return on the attachment, stated that he had attached the right, title, and interest of the defendant in the property, the same being then in his possession. The plaintiff appealed from the judgment, and from an order denying a new trial.

The other facts are stated in the opinion of the Court.

*Eugene B. Drake*, for Appellant, on the question of the officer's levy under the Otis attachment, cited *Taffts* v. *Manlove*, 14 Cal. 51, and *Westervelt* v. *Pinkney*, 14 Wend. 123 ; and on the question of the dismissal of the action dissolving the attachment, cited 9 Johnson, 140, and 5 Hill, 428.

*P. G. Buchan*, for Respondent.

By the Court, SANDERSON, C. J.

Action against a Constable to recover the possession of personal property taken by him under an attachment. Trial by the Court, judgment for defendant, and new trial denied.

The defendant's answer contains three separate and distinct defenses. First—That the property in question belonged to one Stuart, and that the defendant held the same by virtue of an attachment against Stuart, at the suit of Heywood & Harmon; second—That there was a former suit pending between one Barrett, plaintiff's vendor, and defendant to recover the same goods; and third—That the goods were the property of said Barrett, and the defendant held the same under an attachment against Barrett, at the suit of one Otis.

At the trial the plaintiff proved a *prima facie* case, and rested. The question submitted to us, broadly stated, is whether at the trial the defendant sustained either of his defenses.

He failed to sustain his first defense because he failed to offer any evidence of title to the goods in Stuart at the date of the levy of the Heywood & Harmon attachment.

### *When another action pending is a bar.*

He also failed to sustain his second defense because the pendency of a former suit by Barrett, the plaintiff's vendor, was no bar to this action. The defense of a prior *lis pendens* is available only where the plaintiff at least, in both actions is the same person. (*Certain logs of mahogany,* 2 Sumner, 593; *Wadleigh* v. *Veazie,* 3 Sumner, 165.)

### *Attachment issued out of Justice's Court, and levy of.*

Against the right of the defendant to hold the goods under the Otis attachment which was levied (if levied at all) prior to the sale from Barrett to plaintiff, three grounds are urged by appellant: First, that *Otis* v. *Barrett* was not a case in which a Justice of the Peace could lawfully issue an attachment; second, if it was such a case the attachment was never issued according to law; and, third, if it was lawfully levied the lien thereunder was lost by reason of the subsequent dismissal of the action, notwithstanding such dismissal was afterwards set aside and a new trial granted at which the plaintiff recovered a judgment.

The cause of action in *Otis* v. *Barrett* was a promissory note, payable on demand, and bearing date on the 27th of May, 1856, and renewed by Barrett on the 17th of April, 1860.

This contract having been made prior to the 28th day of April, 1860, the date of the last amendment of the five hundred and fifty-first section of the Practice Act concerning attachments in Justices' Courts, it is claimed that no attachment could issue thereon because the words "made after the passage of this Act" limit the right to an attachment to contracts made after the 28th day of April, 1860, which view is manifestly untenable.

That portion of section five hundred and fifty-one which defines the contracts upon which attachments may be had, is now and always has been the same since the Practice Act was passed, on the 29th day of April, 1851. In that respect no change was made by the amendatory Act of the 28th of April, 1860. Hence the words "this Act" obviously refer to the Practice Act of 1851, and not to the amendatory Act of 1860.

### *Levy of an attachment.*

The second point, to the effect that there was no valid levy of the Otis attachment, is also untenable in our judgment. The property was already in the possession of the defendant under the Heywood & Harmon attachment. It was therefore unnecessary to make a seizure under the Otis attachment, nor was it possible for the defendant to make a second taking of that which he had already taken and still retained in his possession. All therefore which he was called upon to do in order to effect a valid levy, was to so return upon the back of the attachment, which was done we think substantially in conformity with the statute. (*Ritter* v. *Scannell*, 11 Cal. 238.)

### *Lien of an attachment ceases on dismissal of suit.*

We are inclined to think, however, that the third point, to the effect that the lien under the attachment ceased upon the dismissal of the action in which it was issued, is well put.

The one hundred and thirty-fifth section of the Practice Act, which is made applicable to Justices' as well as District Courts, provides that if the defendant recover judgment all property attached, etc., remaining in the hands of the Sheriff shall be delivered to the defendant, and the attachment shall be discharged and the property released therefrom. In case of a dismissal of a suit for non-appearance of the plaintiff, it must be held that the judgment for the defendant *ipso facto* operates as a dissolution of the attachment.. We find no provision authorizing a Justice of the Peace to vacate a judgment and reinstate the cause after a judgment of dismissal on the ground of the non-appearance of the plaintiff as provided in sections five hundred and eighty-six and five hundred and ninety-one. Section six hundred and twenty-two relates only to new trials and has no application. When once properly dismissed on the grounds stated, the case is out of Court and the proceedings ended, and the Justice has no further control over it. (*Speyer* v. *Shed*, 9 John. 140 ; *Hunt* v. *Weekwan*, 10 Wendell, 104.) The Justice in this case afterward reinstated the case and rendered judgment for plaintiff. As the defendant appeared in the action and submitted himself anew to the jurisdiction of the Court the judgment may be binding upon him, but the action thus restored could not affect the rights of strangers.

*Judgment in action to recover possession of personal property.*

The right of the defendant, therefore, to retain the property ceased at half past four P. M. on the 17th of March, eighteen hundred and sixty-three, at which time a judgment of dismissal was entered in *Otis* v. *Barrett*. But the demand and refusal upon which the present action was brought were made on the morning of that day, and this action was actually brought and the property taken from the custody of the defendant at least an hour and a half before the judgment in *Otis* v. *Barrett* was rendered. Hence the defendant's right to the possession of the property was perfect at the time he refused to deliver it to the plaintiff, and at the time this action was brought, but ceased before the trial, and at the time of

the trial he had no right to its possession.    The only question remaining is as to what the judgment of the Court ought to be where such are the conditions.

In actions of this character both plaintiff and defendant are to be considered as actors, (1 Chitty's Pleading, 165 ;) and where, as in the present case, the plaintiff has obtained possession of the property in dispute at the commencement of the action and the defendant asks for a return of the property in his answer, he to that extent is an actor and stands in the attitude of a plaintiff, and if at the trial it shall appear that he is not entitled to the possession for the reason that his interest therein has ceased intermediate the commencement of the action and the trial, and the right to the possession has vested in the plaintiff, the Court will not render a judgment in favor of the defendant for the possession of the property or its value, but will leave the property in the possession of the plaintiff where it belongs, and give the defendant a judgment for costs only.

It follows that the judgment must be modified by striking out all except that relating to costs.

And it is so ordered.

Mr. Justice RHODES expressed no opinion.