(Decided 9th February, 1883.)

REGENA ALLERS *vs.* JAMES S. FORBES.

*Promissory notes of Husband and wife—Discharge of Husband
in Insolvency—Liability of wife.*

The discharge of a husband under the insolvent laws, does not
operate to discharge the wife from her obligation to pay a promis-
sory note, of which she and her husband were the makers.

APPEAL from the Court of Common Pleas.

This was an action brought by the appellee against John
A. Allers, and the appellant his wife, to recover on three
promissory notes, dated the 1st of May, 1878, each for the
sum of $679.31, signed by them as makers, and payable
respectively at six, twelve and eighteen months.    The case
is further stated in the opinion of the Court.

The cause was argued before MILLER, STONE, ALVEY,
ROBINSON, and IRVING, J., for the appellant.    The Court de-
clined to hear counsel for the appellee.

*Samuel Snowden,* for the appellant.

*John C. King*, for the appellee.

MILLER, J., delivered the opinion of the Court.

In this case husband and wife were sued on three prom-issory notes, each for $679.31, signed by them as makers, and dated the first of May, 1878. The husband in his own behalf pleaded that he was discharged under the insolvent laws on the 25th of September, 1878, and that the claim sued on accrued before the filing of his petition. And for a further plea both defendants pleaded this discharge of the husband, averring "that thereby said defendants were jointly and severally discharged from all liability for or on account of said claim." The plaintiff demurred to these pleas, and the Court overruled the demurrer as to the separate plea of the husband, but sustained it as to the further plea, and gave judgment against the wife for the amount of the notes. From this judgment the wife has appealed, so that the single question distinctly presented, is, did the discharge of the husband operate to discharge the wife from her obligation to pay these notes?

It is conceded these notes are within the terms of the Act of 1872, ch. 270, which declares that any married woman may be sued at law, jointly with her husband upon certain obligations, including "notes and bills of exchange" which she may have executed jointly with her husband. This Act allows the wife to employ counsel and defend the action separately, or jointly with her husband, and provides that judgments recovered in such cases shall be liens on the property of the defendants, and may be collected by execution or attachment "in the same manner as if the defendants were not husband and wife." It also re-enacts the second section of Article 45 of the Code, which provides that the wife shall hold all the property "real and personal," which belonged to her at the time of her marriage, or which she may subsequently acquire, by purchase, gift,

grant, devise, bequest, or in course of distribution, for her separate use, with power to devise the same as fully as if she were a *féme sole,* and to convey it by a joint deed with her husband. Moreover the first section of the same Article declares that the property thus belonging to or acquired by the wife "shall be protected from the debts of the husband and not in any way liable for the payment thereof." While the law thus secures the wife's property for her separate use and protects it from the debts of her husband, it allows her to sign with him a certain class of obligations, and says if she chooses to do so she may be sued at law jointly with him, and that a judgment recovered in such suit shall be a lien on, and may be enforced against her property in the same manner as if she were a *féme sole.*

In view of these plain provisions of the law we can discover no possible reason why the discharge of her husband under the insolvent laws should release her and her property. Her property does not pass to his trustee, nor are her rights therein in any way affected by his insolvency. The statute makes her stand, with respect to the obligations so signed by her, in the same position as any other party so signing them would stand. If the husband's discharge has the effect of releasing her from the debt, the security afforded by her name to the obligation would be destroyed, and the law would practically become a dead letter.

The appellant's counsel has referred to English decisions. in which it has been held that where husband and wife are sued for a debt contracted by the latter *dum sola,* his discharge in bankruptcy or insolvency releases her, but these decisions are placed entirely on the ground that at common law the wife's property vested in the husband. In the case of *Lockwood vs. Salter,* 5 *Barn. & Adol.,* 303, where the question appears to have been last considered by the English Courts, Ch. J. DENMAN said: "The wife's property

vests in the husband, and her debt is his during the
coverture ; *therefore* his discharge from that debt releases
her." In this view the other Judges concurred, LITTLE-
DALE saying, " I think the wife as well as the husband ought
to be discharged, *inasmuch* as he had the opportunity of
reducing her property into possession and paying the debt
with it." And PARKE, J., after stating that under the bank-
rupt as well as the insolvent laws, the wife's debt con-
tracted *dum sola* was to be considered as that of the hus-
band, says : " In each instance he pays by surrendering all
his effects *including* those of his wife; he gives up that out
of which he might ötherwise discharge the debt." But
here the statute has changed the common law. In this
State the wife's property does not, by marriage, become
vested in the husband, and where a statute has taken away
the reason upon which a rule of decision is founded, the
rule itself no longer prevails. Besides, this is not the case
of a debt contracted by the wife before marriage, but a
debt contracted after marriage, in the particular mode
pointed out by statute, and with the consequences attach-
ing thereto which the statute prescribes.

It was conceded by the appellant's counsel that unless
the discharge of the husband operated to discharge the
wife, there was no difficulty in obtaining a separate judg-
ment against her, though she was sued jointly with her
husband, as the statute requires. He pleaded his discharge
and therefore no judgment could be obtained against him,
but by the ·express terms of the insolvent laws, it is pro-
vided that the discharge of any person thereunder shall
" not release any other person who may be liable as
endorser, surety or otherwise." *Code, Art.* 48, *sec.* 5.

*Judgment affirmed.*

(Decided 9th February, 1883.)