BLYNN *v.* SMITH *et al.*

(*Supreme Court, General Term, Second Department.* February 11, 1889.)

1. ATTACHMENT—VACATION—ENTRY OF JUDGMENT.
   A judgment for defendant in an action before a justice of the peace, in which an attachment is issued, vacates the warrant of attachment.

2. SAME—UNLAWFUL LEVY—DAMAGES.
   The levy of a warrant of an attachment unlawfully issued entitles the defendant to nominal damages, and he need not show that the levy was accompanied by damages.

3. SAME—NOMINAL DAMAGES.
>Where the complaint does not allege that the property levied on was not after-
wards returned, or that damages had been incurred as counsel fees, and there is
no proof of any injury to credit caused by the attachment, plaintiff is only entitled
to nominal damages.

Appeal from Queens county court.

Action by Bessie H. Blynn against Tredwell D. Smith and William G.
Reed, commenced before Thomas D. Smith, Esq., justice, in the town of
Hempstead, to recover damages for the unlawful issue of an attachment in
an action commenced by defendant Smith against plaintiff before Justice DE
MOTT, in which action a bond was given by defendant Reed as surety, as
required by Code Civil Proc. § 2909. The cause was tried before a jury, who
returned a verdict for defendants, and plaintiff appealed to the county court,
alleging as errors, among other things, the refusal of the justice to charge
that the dismissal of the complaint and judgment for defendant in the original
action vacated the attachment, and leaving that question to the jury; and also
the refusal to charge that the mere entry into defendant's house was of itself
sufficient cause to entitle her to damages, and charging that the proof of entry
must be accompanied by proof of damages. The county court reversed the
judgment of the justice, delivering the following opinion: "I am of the opinion
that the judgment appealed from should be reversed. The plaintiff proved,
by competent evidence, the proceedings had in the action brought by the de-
fendant Tredwell D. Smith against the plaintiff and her husband, before Jus-
tice DE MOTT. This showed the commencement of the action, the execution
of the undertaking, the issuance of the warrant to Constable Eldert, the levy
thereunder, the return, inventory of property attached, and the judgment in
favor of Mrs. Blynn, who was the defendant therein, and the plaintiff herein.
The evidence further established that the property taken under the warrant
belonged to Mrs. Blynn; that a portion of it, of the value of $15, was not re-
turned to her; and that she paid several sums for counsel fees in the defense
of that action. This was not controverted. Upon this proof the plaintiff
herein was entitled to a verdict in her favor. The judgment in the action
brought by Smith, with proof of title in Mrs. Blynn of the property attached,
established that the entry and taking were unlawful. She was entitled to
nominal damages therefor, at least in the absence of further proof of actual
damage, and its extent. *Groat* v. *Gillespie*, 25 Wend. 383. The charge of
the justice that a recovery of damages could only be had when accompanied
by proof of actual damages was therefore error. It is unnecessary to con-
sider other and obvious errors to the appellant's prejudice which appear by
the return. The case of *Northrup* v. *Garrett*, 17 Hun. 497, is in point, and
sustains the views above expressed. Let judgment be entered by the clerk
reversing the judgment appealed from." From a judgment for plaintiff for
$48.71 the defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*George Wallace*, for appellants. *Albert W. Seaman*, for respondent.

PRATT, J. When the defendant in the original action recovered judgment
in her favor, the warrant of attachment previously issued was thereby va-
cated. The refusal of the justice so to charge was error. As goods had been
levied on under the attachment, a cause of action thereby arose on which
nominal damages should have been awarded. The county judge was there-
fore right in reversing the judgment. No larger judgment than for nominal
damages and costs could properly have been given, for the complaint does not
allege that the property levied on was not afterwards returned, nor that dam-
ages had been incurred as counsel fees, and a verdict based on those items
would have been erroneous; and there was no proof that any injury to credit
had been caused by the attachment. The order appealed from will be af-

firmed; but, as the reasons given below are sustained but in part, and the controversy is for an amount so trifling, it will be without costs. All concur.