## MELOY *v.* ORTON.

*(Circuit Court, W. D. Wisconsin. May 30, 1890.)*

1. ATTACHMENT—CONTINUATION OF LIEN PENDING APPEAL.

In Wisconsin, an appeal by plaintiff from a judgment for defendant on the merits, in a case in which an attachment has been issued on land, does not preserve the attachment lien pending the appeal, unless immediate notice of appeal is given, a proper bond tendered, and the lien continued by special order of the court. Rev. St. Wis. § 2748, as amended by Laws Wis. 1881, c. 157, providing that, when defendant in the writ of attachment shall recover judgment in cases where real estate has been attached, the clerk shall certify the judgment to the register of deeds, who "shall enter such certificate upon the records of his office in satisfaction of the lien of such attachment," is inconsistent with the continuance of the lien *propria vigore.*

2. SAME—DISCHARGE OF LIEN.

The lien of the attachment is discharged by the rendition of a judgment against plaintiff, and cannot be continued by the failure of the clerk to perform the merely ministerial duty of certifying the judgment to the register of deeds.

3. SAME—CONTINUATION OF LIEN.

Rev. St. Wis. § 3061, providing that, on the giving of an undertaking on appeal from an order "vacating or modifying" an attachment, the court shall order the attachment to be continued, does not apply where the judgment is against plaintiff on the merits.

In Equity. Motion for preliminary injunction.

*Wm. E. Carter,* for complainant.

*Orton & Osborne,* for defendant.

BUNN, J. This is a motion by the complainant, based upon the bill of complaint, for a temporary injunction to restrain the defendant from selling or incumbering, during the pendency of the suit, a certain tract of land which forms the subject of the suit, which is brought to quiet title; and the case turns upon the question of the continuance of an attachment lien upon the property in a suit in the state court during the pendency of an appeal from the circuit to the supreme court, where a judgment on the merits in the case where the attachment was issued went against the plaintiff in the trial court, and no *supersedeas* or other bond was given or order made to continue the lien of the attachment during the pendency of such appeal. In Wisconsin, all actions are commenced by the issue of a summons, and in cases upon contract, when (among other specified cases) the defendant is a non-resident of the state, an attachment may issue as a collateral proceeding, to attach and hold the defendant's property found in the state, to answer any judgment that may be obtained against him in the action. On the 22d of June, 1885, Elizabeth Lamar made an affidavit for an attachment in an action against one Frank Scales, stating that he was indebted to her in the sum of $6,000 upon contract, express or implied, and that he was a non-resident of the state of Wisconsin. This affidavit was made before a notary public in Chicago, Ill., and upon it a suit was commenced and an attachment was issued in La Fayette county, Wis., two days later, on June 26, 1885, and a certain 60 acres of land belonging to the defendant Scales was seized. Afterwards, on August 30, 1886, the action was tried by the court with-

out a jury, and a finding and judgment entered against the plaintiff, dismissing her complaint, and giving costs to the defendant. The record of the judgment was perfected on September 14, 1886. Nothing more was done in the case upon either side until some 14 months afterwards, when, on November 7, 1887, the plaintiff gave notice of an appeal from the judgment, and gave a bond for costs, as provided by section 3052, Rev. St. Wis. That section provides that, "to render an appeal effectual for any purpose, an undertaking must be executed on the part of the appellant, by at least two sureties, to the effect that the appellant will pay all costs and damages which may be awarded against him on the appeal, not exceeding two hundred and fifty dollars." Section 3053 provides for the giving of a bond by the appellant in case he wishes to stay the execution of a judgment directing the payment of money. This bond was not given, nor was any step whatever taken by the plaintiff at any time to continue the attachment lien, unless the naked appeal had that effect. On February 28, 1888, the case came on for hearing in the supreme court, when the finding and judgment of the circuit court were reversed, (36 N. W. Rep. 850,) and the cause sent back to that court for further proceedings; and where on September 26, 1888, a judgment was rendered in the circuit court for the plaintiff for $9,000 and upwards. On this judgment an execution was issued, and the interest which the defendant had in the land attached, was sold on January 12, 1889, and the land bid in by Philo A. Orton, as attorney for the plaintiff. But in the mean time, on June 27, 1888, the defendant Frank Scales sold the land by warranty deed to Edward D. Meloy, the complainant in this suit, who, as appears, was an innocent purchaser, paying full value for the land, unless the lien of the attachment continued during the pendency of the appeal, and until final judgment was rendered in favor of the plaintiff, and the pendency of the appeal was constructive notice to him of the existence of the attachment lien.

Two questions have been argued as to the sufficiency of the affidavit,—one, whether it is enough to state, in the language of the statute, that the defendant is indebted to the plaintiff upon contract, express or implied; another, whether the machinery of the law in such a case may be set in motion in this state by an affidavit made two days previous, before a notary public in another state. The courts in Michigan, under a similar statute, seem to have held attachments void, issued upon such an affidavit. I have not found it necessary to decide either of these questions, and shall assume that the attachment was regularly issued, and dispose of the question of the issuance of a temporary injunction upon the main question in the case. Did the attachment constitute a lien upon the land when sold by the defendant in that action to the complainant in this action? There seems to be very little authority by way of adjudged cases upon the point, but, upon a careful consideration of all the provisions of the statute, I am satisfied that the contention of the complainant that the attachment lien, if any existed, was lost before the plaintiff in the case took steps to perfect his appeal, is correct. What has given the court more trouble than anything else in the decision of

this question is the apparent absence of any express provision in the law for continuing the lien of the attachment during the pendency of the appeal. Section 3061 provides that, "when a party shall give immediate notice of appeal from an order vacating or modifying a writ of attachment, * * * he may, within three days thereafter, serve an undertaking executed on his part, * * * to the effect that if the order appealed from, or any part thereof, be affirmed, the appellant will pay all costs and damages * * * the adverse party may sustain by reason of the continuance of the attachment," and that, "upon the giving of such undertaking, such court or judge shall order the attachment to be continued," etc. The contention of the complainant is that this provision applies to a case like this; while that of the defendant is that it clearly has no application to cases of appeal from a judgment on the merits, and that, as there is no other provision for continuing the lien, none was necessary, except the general provision allowing an appeal to be taken within two years from the entry of judgment.

I cannot say I am satisfied with the contention of either party on this question. It seems to me the provision applies in terms only to the case of an appeal from an order vacating or modifying the writ, and has no application, unless by analogy, to the case where the injunction is dissolved by the entry of a judgment against the plaintiff upon the merits. And, the attachment being a proceeding collateral to and depending wholly upon the action, it cannot exist without that; and when the action itself goes down the attachment goes with it, unless continued by special order of the court. And there are other provisions of the statute which seem quite inconsistent with the idea of the lien continuing *propria vigore*, without such an order. Section 2748, as amended by chapter 157, Sess. Laws 1881, provides:

"Whenever the action shall be dismissed or discontinued, or the defendant in the writ of attachment shall recover judgment, all the money or property held by any writ of attachment shall be delivered up to him, subject to the plaintiff's rights on appeal, and he may maintain an action on the plaintiff's undertaking for the damages assessed, as sustained by reason of the writ of attachment, and his costs; and in cases where real estate has been attached, upon the entry of final judgment in favor of the defendant in the action either on the merits or on discontinuance or dismissal, or on satisfaction of a plaintiff's judgment, the clerk of the court shall certify the fact of such judgment or satisfaction; and, on filing such certificate with the register of deeds in any county in which lands attached in the action are situated, such register shall enter such certificate upon the records of his office in satisfaction of the lien of such attachments."

This provision seems wholly irreconcilable with the notion that the lien of the attachment continues during the two years allowed for an appeal from the judgment, without any *supersedeas* bond or undertaking of any sort being given, and without any order of the court made thereupon continuing the attachment. The purpose of attaching the property, and taking it out of the possession and control of the defendant, and keeping it in the custody of the law, is to have it forthcoming and available to answer any judgment the plaintiff may recover in the action;

and, this being so, it is absurd to suppose that the law should provide, upon rendition of a judgment against the plaintiff, that the property so seized should immediately be delivered over to the defendant, but that the lien of the attachment should nevertheless continue as though it had not been so delivered over, but had been kept by order of the court in the custody of the officer during the pendency of an appeal to answer any judgment the plaintiff might finally recover.

But it is claimed by defendant that such is the effect of the words, "subject to the plaintiff's rights on appeal," and I confess it is somewhat difficult, under any interpretation, to give proper effect to these words of the statute. But, whatever their meaning and effect may be, it seems quite conclusive that they cannot be given a meaning to suit the contention of the defendant. It cannot mean that money and personal property is to be delivered over to the defendant, who is to be thereby clothed with all the *indicia* of absolute ownership, including the possession and immediate personal control, with power to sell or mortgage to an innocent purchaser, and the lien of the attachment still continue. It cannot mean, in case of real estate, that the clerk shall certify the fact to the register that judgment has gone for the defendant, and make it the duty of the register to enter such certificate of record in his office in satisfaction of the lien of the attachment, and that the lien, notwithstanding all this, shall continue until the plaintiff's time for appealing has elapsed, in case he shall finally choose to appeal. The most rational effect that I have been able to give to the words is this: that if the plaintiff, upon the rendition of judgment against him and before the property is delivered over by the sheriff, shall give immediate notice of appeal, and tender a proper bond, perhaps analogous to that referred to by section 3061, to pay all costs and damages that may be awarded against him, and duly to prosecute his appeal, he may be entitled to an order continuing the attachment until the determination of the case in the supreme court, and requiring that the property be continued in the custody of the sheriff during the pendency of the appeal. If this is not the meaning and effect to be given to the words, I am quite at a loss to suggest any better or more plausible interpretation.

In this case no such certificate was made by the clerk, and no entry made in the register's office discharging the attachment. But I cannot think the failure of the clerk to perform such a clerical and ministerial duty can at all effect the question of the continuance of the lien, as to third persons or between the parties. The delivery over of personal property by the sheriff to the defendant is not what discharges the lien of the attachment, but it is the rendition of a judgment on the merits against the plaintiff in the attachment. It is not the bare entry on the records in the register's office which discharges the lien. But such entry of the clerk's certificate is to make the record to correspond with the actual facts, emphasized by the entry of the judgment, which of its own force discharges the lien, unless immediate steps be taken to continue the same; for I assume that, though there be no express provision for continuing the lien of the attachment after judgment in defendant's fa-

vor, there is no want of power in the court to continue it during the pendency of an appeal, provided the application be made immediately, and an undertaking given. The proceeding by attachment is a special proceeding, depending wholly on the statute. It has sometimes been declared by the courts a harsh proceeding. It is certainly in derogation of the common law. It follows, then, that the lien created by it is just such and no other or more pervasive than the statute makes it, and cannot be helped out to any extent by intendment. Where no warrant is found in the statute for the lien, it does not exist. The attachment being wholly collateral to the main action, a judgment against the plaintiff necessarily vacates the attachment, unless it be continued and kept alive by order of the court, made pursuant to law. As no such order in this case was made, I think the lien was gone long before the plaintiff's appeal was taken, and before the sale of the land to the complainant. The case cited most in point to favor the complainant's views is *Loveland* v. *Mining Co.*, 18 Pac. Rep. 682, recently decided by the supreme court of California. The case of *Harrison* v. *Trader*, 29 Ark. 85, seems to be an authority for the defendant. A temporary injunction will issue as prayed for in complainant's bill.