[No. 1368.]

C. C. RANFT, APPELLANT, *v.* GEORGE YOUNG, RESPONDENT.

ATTACHMENT PROCEEDINGS—DISSOLUTION OF ATTACHMENT—VOID AND
NON-APPEALABLE ORDER.—Under Sec. 3160 (Gen. Stats.), providing
that if a defendant in attachment recover judgment against the
plaintiff, all property attached remaining in the sheriff's hands,
shall be delivered to the defendant, the order of attachment dissolved
and the property released therefrom, a judgment for defendant
vacates the attachment, and an order of the court refusing to vacate
and dismiss such attachment is a nullity and is not appealable.

IDEM—PENDING OF NEW TRIAL.—The fact that there was a new trial
pending did not tend to keep the attachment in force.

IDEM—REMEDY OF DEFENDANT—In such case defendant's remedy was
a proceeding against the sheriff, on his refusal to deliver the property to recover it or its value.

APPEAL from the District Court of the State of Nevada, Eureka county.

*A. L. Fitzgerald,* District Judge.

*Peter Breen* and *Rives & Judge,* for Appellant.

I. The language of the statute (Gen. Stats. Sec. 3160) made it imperative upon the court to grant the order asked for vacating and discharging the attachment. In California, under an

identical statute, the supreme court has held that a judgment in favor of defendant operates as a dissolution of the attachment and gives the defendant the absolute control and right to dispose of the property relieved of any claim or lien. (*O'Connor* v. *Blake*, 29 Cal. 312; *Loveland* v. *Mining Co.*, 76 Cal. 562.)

*R. M. Beatty* and *Thos. Wren*, for Respondent.

(No brief on file.)

By the Court, MURPHY, C. J.:

We learn from the record in this case that on the 6th day of May, 1892, the respondent commenced her action, and caused a writ of attachment to be issued, under and by virtue of which the sheriff of Eureka county levied upon and took into his possession property of the defendant of the value of one thousand eight hundred dollars. That on the 13th day of August, 1892, the said cause was tried, and judgment rendered that the plaintiff take nothing by her action, and that the defendant have judgment for his costs. On the 23d day of August, 1892, the defendant, after giving notice, moved the court to dismiss, discharge and vacate said attachment; but this the court refused to do, holding that the said writ was a valid and subsisting writ and still in full force and effect. From this order the defendant appeals.

Is this an appealable order? We think not. Appeals from orders dissolving or refusing to dissolve an attachment are provided for by Stat. 1887, p. 91; but, from the view we take of the case, there was no attachment in existance in this case on the 23d day of August, 1892. The attachment had been discharged by virtue of the judgment of the court in the case in which the writ issued.

Section 3160, Gen. Stat , reads: "If the defendant recover judgment against the plaintiff, any undertaking received in the action, all the proceeds of sales and money collected by the sheriff, and all the property attached, remaining in the sheriff's hands, shall be delivered to the defendant or his agent, the order of attachment shall be discharged and the property released therefrom." Attachment proceedings are purely statutory, and must throughout conform to the statutory requirements. As we have already seen, the judgment in favor of the

defendant by operation of the statute dissolved the attachment without any order of court. (Drake, Attachm. Sec. 413; Wap. Attachm. p. 438; Wade Attachm. p. 562, Sec. 294; *Brown* v. *Harris*, 2 G. Greene, 507; *O'Connor* v. *Blake*, 29 Cal. 315; *Suydam* v. *Huggeford*, 23 Pick. 470; *Clap* v. *Bell*, 4 Mass. 100; *Loveland* v. *Mining Co.*, 76 Cal. 564; *Harrow* v. *Lyon*, 3 G. Greene, 157; *Higgins, Cobb & Co.* v. *Grace*, 59 Md. 374; *Johnson* v. *Edson*, 2 Aiken, 302; *York* v. *Sanborn*, 47 N. H. 404; *Littlefield* v. *Davis*, 62 N. H. 492; *Blynn* v. *Smith*, 4 N. Y. Supp. 306.)

From the moment the judgment was rendered the attachment was dissolved, the lien created by it was vacated, and the property released from the custody of the law; and upon the refusal of the sheriff to surrender the property, the defendant's remedy was by proceedings against the sheriff for the property, or the value thereof.

When property is attached to secure the judgment which the plaintiff may recover, the sheriff acquires a special property in the chattels, defeasible by the plaintiff failing in his action. The general property remains in the defendant, and if judgment is rendered for him in the suit, the attachment is *ipso facto* dissolved. The special property acquired by the sheriff ceases, and if he detains the chattels after demand he is answerable in an action of trover. (*Anderson* v. *Land*, 32 Pac. Rep. 107; *Clap* v. *Bell, Johnson* v. *Edson, York* v. *Sanborn* and *Littlefield* v. *Davis, supra;* and Drake, Attachm., Sec. 426 )

The fact that there was a motion for a new trial pending did not tend to keep the attachment in force. There is no provision in our statute authorizing the sheriff to retain the property after judgment in favor of the defendant was entered. (*Loveland* v. *Mining Co.*, 76 Cal. 564; *Drug Co.* v. *Peacock*, 42 N. W. Rep. 298; *McReady* v. *Rogers*, 1 Neb. 129; Drake, Attachm. Sec. 426; *Brown* v. *Harris*, 2 G. Greene, 506; *Clap* v. *Bell*, 4 Mass. 100.)

The writ of attachment was *functus officio* on the 23d day of August, 1892. Therefore, the order of the court made and entered on that day was irregular and absolutely void, and the defendant has mistaken his remedy.

The appeal is dismissed, and it is so ordered.