Argued February 23, reversed March 16, modified as to costs March 30, 1915.

## NICHOLS v. INGRAM.

(146 Pac. 988.)

**Attachment—Dissolution.**

1. Under Section 300, L. O. L., real property may be attached by the sheriff making a certificate containing the title of the cause, the names of the parties to the action, description of the real property, and a statement that it has been attached at the suit of plaintiff and then delivering it to the county clerk. Section 302, L. O. L., requires the county clerk to immediately file and record it in the book kept for that purpose, whereupon the lien in favor of the plaintiff attaches to the real property described, and provides that whenever the lien of the attachment shall be discharged, the clerk shall enter upon the margin of the page upon which the certificate was recorded a minute of the discharge. *Held*, that in view of Section 309, L. O. L., providing that if judgment be not recovered by plaintiff all personal property attached shall be returned to the defendant, the rendition of a judgment for defendant operates as a release of the attached real property.

**Attachment—Vacation—Duty of Clerk.**

2. The failure of the county clerk to perform the ministerial duty of noting the discharge of the attachment does not affect the validity of the discharge.

**Attachment—Continuance—Appeal.**

3. Section 551, L. O. L., provides that the undertaking of an appellant shall be to pay all damages, costs and disbursements which

may be awarded against him on appeal, and that it shall not stay the proceedings if the judgment be for the recovery of money or personal property, unless the undertaking be to satisfy it so far as affirmed. Section 552 declares that when the proceedings are stayed, if perishable property has been seized to satisfy the judgment, the court may order the property to be sold and the proceeds deposited. Plaintiffs who attached defendants' realty were defeated in the trial court. Within the time limited they appealed, giving the required undertaking. *Held*, that the appeal and undertaking did not revive the attachment which had been discharged by the judgment for defendants, and hence, notwithstanding Section 301, declaring that from the date of an attachment until it is discharged the plaintiff shall, as against third persons, be deemed a purchaser in good faith, a purchaser from defendants after the rendition of judgment in their favor, but pending an appeal, takes the land free from any rights which plaintiffs might have.

From Polk: Webster Holmes, Judge.

Department 2.    Statement by Mr. Justice Harris.

This is a suit by John Nichols and Mildred Nichols, his wife, against Elizabeth Ingram and John M. Grant, as sheriff of Polk County, Oregon.

Elizabeth Ingram, one of the defendants in this suit, on July 27, 1911, commenced an action against Alexander Basye and his wife, Louisa Basye, for the recovery of money, and on the same day she caused a writ of attachment to be issued, and thereupon the sheriff attached, in addition to other land, the west half of lot 8, block 11, Hill's Addition to the town of Independence in Polk County, Oregon, by filing with the clerk a proper certificate of attachment, which was duly recorded in the attachment lien docket. A trial of the action resulted in a directed verdict for the defendants on May 17, 1912, and the judgment entered on such verdict, after granting defendants their costs and disbursements, recites:

"It is further ordered that the attached property in this case be and the same is hereby released, and the attachment discharged. Now, at this time plaintiff gives notice of appeal to the Supreme Court from said judgment."

The oral notice of appeal was not followed up with an undertaking within the time prescribed by law; but, on October 1, 1912, Elizabeth Ingram, the plaintiff in the action at law, again initiated an appeal by serving and filing a notice to the effect that she appealed from the whole judgment rendered, and on the same day an undertaking on appeal was served and filed, obligating the signers to "pay all damages, costs, and disbursements, which may be awarded against her on the appeal, and further, that if said judgment or any part thereof be affirmed on appeal she, the said Elizabeth Ingram, the plaintiff above named, will satisfy it so far as affirmed."

Alexander Basye and Louisa Basye, by a warranty deed dated May 6, 1913, and recorded May 20, 1913, conveyed the west half of lot 8 to the plaintiffs herein, John Nichols and his wife, Mildred E. Nichols, in exchange for other property, and $100 in money. The appeal resulted, on October 21, 1913, in a reversal of the judgment of the Circuit Court (*Ingram* v. *Basye,* 67 Or. 257 (135 Pac. 883); and on November 13, 1913, the mandate was issued. A retrial occurred February 9, 1914, when Elizabeth Ingram obtained a judgment against Alexander Basye and Louisa Basye for the sum of $2,000 and an order directing the sale of attached property. An execution having been issued and the land advertised for sale the plaintiffs on March 28, 1914, commenced this suit in equity to enjoin Elizabeth Ingram and John M. Grant, the sheriff of Polk county, from selling the west half of lot 8. The plaintiffs appeal from a decree for defendants.

REVERSED. DECREE RENDERED.

For appellants there was a brief over the names of *Mr. Oscar Hayter* and *Messrs. McCain, Vinton & Bur-*

*dett,* with oral arguments by *Mr. Hayter* and *Mr. James
E. Burdett.*

For respondent there was a brief over the names of
*Messrs. Carson & Brown,* with an oral argument by
*Mr. John A. Carson.*

MR. JUSTICE HARRIS delivered the opinion of the
court.

The delay in perfecting the appeal from the judg-
ment rendered in the action at law was occasioned by
numerous objections to the proposed bill of exceptions
and the illness of the reporter who took shorthand
notes of the trial.

Before accepting the deed from the Basyes, the
plaintiffs herein received from their grantors an ab-
stract which purported to exhibit the record title of
the property down to May 5, 1913, and included a copy
of the certificate of attachment, with the added in-
formation that the verdict of the jury was for the de-
fendants in the case of *Elizabeth Ingram* v. *Alexander
Basye and Louisa Basye;* that the attached property
had been released and the attachment discharged; but
the abstract made no mention of any appeal, or that
an appeal had been perfected and was then pending.
One of the attorneys of record for the Basyes in the
law action was also a member of the firm that prepared
the abstract. John Nichols, one of the plaintiffs
herein, testified:

"When I received the abstract I looked it over.  It
showed the judgment had been dissolved, and I sup-
posed the title was clear, and we made the exchange."

Nichols and wife took possession of the property im-
mediately after the exchange was completed, expended
$219 for improvements, and paid the taxes, amounting

to $16.08.    The plaintiffs did not learn of the judgment against the Basyes until about the time of the commencement of this suit, and the grantees did not have actual knowledge of the appeal when they received the deed from the Basyes.

The plaintiffs herein assert that under the circumstances narrated, they became the owners of the land free from any lien on account of the attachment proceedings; while the defendants contend that the appeal served to suspend the order dissolving the attachment, and that the reversal of the judgment had the effect of reviving the lien created by the attachment.    It will be observed that the purchasers were informed that a judgment had been rendered for the Basyes, and that the land had been released from the attachment, but that the plaintiffs herein did not have actual knowledge of the pending appeal.    It will also be noticed that the court did not, at any time, make any order concerning the attachment or the attached property, except the single order dissolving the attachment and releasing the property.    The question for decision then is, whether the judgment for the defendants in the law action and the accompanying order of dissolution released the land from the grip of the attachment, so that, during the interim between the judgment and a reversal thereof a third party, who was without actual knowledge of the pending appeal, could purchase the property freed from the possibility of the attachment regaining its hold.    We are not called upon to decide the effect of a purchase made after a reversal.    The statute not only creates the right of attachment, but also determines the extent of such right, and is necessarily potent in solving the question presented by the facts.

1-3. An attachment proceeding is a provisional remedy (Section 323, L. O. L.), which is granted to the plaintiff and enables him to have the property of the defendant attached as security for the satisfaction of any judgment that may be recovered: Section 295, L. O. L. Real property is attached by the sheriff making a certificate containing the title of the cause, the names of the parties to the action, a description of such real property, and a statement that the same has been attached at the suit of the plaintiff, and then delivering the same to the county clerk: Section 300, L. O. L. It then becomes the duty of the county clerk to whom the certificate is delivered immediately to file the same and record it in a book kept for that purpose, and thereupon the lien in favor of the plaintiff attaches to the real property described in the certificate: Section 302, L. O. L. From the date of the attachment until it is discharged or the writ executed, the plaintiff, as against third persons, is deemed a purchaser in good faith and for a valuable consideration: Section 301, L. O. L.

By taking the steps pointed out a plaintiff can impress the land of a defendant with a lien which serves as a security until the attachment is discharged or the writ executed: Section 301, L. O. L. If the judgment for the defendant Basyes dissolved the attachment, then the lien was likewise terminated. In the absence of an express provision of statute continuing the lien of an attachment, a judgment for the defendant *ipso facto* destroys the lien and releases the attached property: *Ranft* v. *Young,* 21 Nev. 401 (32 Pac. 490); *O'Connor* v. *Blake,* 29 Cal. 312; *Loveland* v. *Mining Co.,* 76 Cal. 562 (18 Pac. 682); *Brown* v. *Harris,* 2 G. Greene (Iowa), 505 (52 Am. Dec. 535); *Harrow* v. *Lyon,* 3 G. Greene (Iowa), 157; *Clap* v. *Bell,* 4 Mass.

99; *Johnson* v. *Edson,* 2 Aikens (Vt.), 299; *Littlefield*
v. *Davis,* 62 N. H. 492; *Blynn* v. *Smith,* 4 N. Y. Supp.
306; *Higgins* v. *Grace,* 59 Md. 365; *Sherrod* v. *Davis,*
17 Ala. 312; *Farwell* v. *Tiffany,* 82 Iowa, 405 (48 N. W.
723); *Danforth* v. *Rupert,* 11 Iowa, 547; *Franklin
Bank* v. *Bachelder,* 23 Me. 60 (39 Am. Dec. 601);
*Meloy* v. *Orton* (C. C.), 42 Fed. 513. While our stat-
ute does not directly state that a judgment for a
defendant operates as a release of the attached prop-
erty, it is quite plain that such a result is contem-
plated. If personal property be attached Section 309,
L. O. L., provides that:

"If judgment be not recovered by the plaintiff, all
the property attached, or the proceeds thereof, or the
undertaking therefor, shall be returned to the defend-
ant upon his serving upon the sheriff a certified copy
of the order discharging the attachment."

If real property be the subject of the attachment,
then "whenever such lien shall be discharged, it shall
be the duty of the county clerk to enter upon the mar-
gin of the page on which the certificate is recorded a
minute of the discharge": Section 302, L. O. L. This
clerical duty, however, is not essential to effect a dis-
charge of the real property: *Meloy* v. *Orton* (C. C.),
42 Fed. 513. Mr. Justice MOORE, speaking for the
court in *Van Voorhies* v. *Taylor,* 24 Or. 247 (33 Pac.
380), says:

"An attachment is an auxiliary proceeding of statu-
tory origin. A dismissal of the action or a judgment
for the defendant necessarily dissolves it."

We conclude, therefore, that the judgment for the
defendants in the action at law operated as a dissolu-
tion of the attachment and released the attached
property. The next inquiry is whether the appeal sus-

pended the effect of the judgment on the attached property. There is a line of authorities holding that diligence on the part of the attaching plaintiff constitutes a controlling element (*Harrow* v. *Lyon,* 3 G. Greene (Iowa), 157; *Danforth* v. *Carter,* 4 Iowa, 230), but this doctrine cannot be founded upon any logical basis. The act of appealing of itself either suspends *ab initio* the effect of the judgment, or it does not produce such result, whether the appeal be prompt, or whether it be delayed. The statute, fixing the time within which an appeal may be taken and prescribing the effect thereof, establishes the standard of diligence beyond the power of precedent to affect. So far as applicable hereto Section 551, L. O. L., reads thus:

"The undertaking of the appellant shall be given with one or more sureties, to the effect that the appellant will pay all damages, costs, and disbursements which may be awarded against him on the appeal; but such undertaking does not stay the proceedings, unless the undertaking further provides to the effect following:

"1. If the judgment or decree appealed from be for the recovery of money, or of personal property, or the value thereof, that if the same or any part thereof be affirmed, the appellant will satisfy it so far as affirmed."

And Section 552, L. O. L., provides that:

"When the proceedings are stayed, if perishable property has been seized to satisfy or secure the judgment or decree, or has been directed to be sold thereby, the court or judge thereof may order the property to be sold as if the proceedings were not stayed, and the proceeds thereof to be deposited or invested to abide the decision of the appellate court. The court or judge thereof, in its discretion, may dispense with or limit the further undertaking required by subdivisions 1, 2, 3 and 4 of Section 551, when the appellant is an ex-

ecutor, administrator, trustee, or other person acting in another's right. In cases not provided for in such subdivisions, when an appeal is perfected, with an undertaking for the appeal only, proceedings shall be stayed as if the further undertaking thereof had been given."

The undertaking filed on appeal was the general one required by Section 551, and contains the additional provision specified in subdivision 1 of that section. Whether the undertaking filed was pursuant to subdivision 1 of Section 551, L. O. L., or had the effect set forth in Section 552, L. O. L., the issuance of an execution for the collection of costs and disbursements was the only "proceeding" that could have been taken on the judgment, and consequently was the only proceeding that was stayed. The judgment *ex proprio vigore* dissolved the attachment, and the undertaking given did not stay the result, which by operation of law was worked out by the judgment. The judgment was self-executing to the extent that it broke the hold of the attachment: *Day* v. *Holland,* 15 Or. 464 (15 Pac. 855); *Feller* v. *Feller,* 40 Or. 73 (66 Pac. 468); *Nickerson* v. *Nickerson,* 34 Or. 2 (48 Pac. 423, 54 Pac. 277); *Knight* v. *Hamaker,* 33 Or. 157 (54 Pac. 277, 659); *Nessley* v *Ladd,* 30 Or. 567 (48 Pac. 420); *Shirley* v. *Birch,* 16 Or. 1 (18 Pac. 344); *Porter* v. *Small,* 62 Or. 588 (120 Pac. 393, 124 Pac. 649, Ann. Cas. 1914C, 536, 40 L. R. A. (N. S.) 1197); *State* v. *Small,* 49 Or. 603 (90 Pac. 1110); *Willis* v. *Willis,* 165 Ind. 332 (75 N. E. 655, 6 Ann. Cas. 772, 2 L. R. A. (N. S.) 244). If the land constituted the subject matter of the action at law, and if the main litigation was concerning, over, or about the real property, then the effect of an appeal might be quite different. Strictly speaking, an attachment does not create a lien, although

the statute uses that term; but at most is a "contingent security, to satisfy the judgment of the creditor, if he obtains one": *Ex parte Foster,* 5 Law Rep. 55; *Franklin Bank* v. *Bachelder,* 23 Me. 60 (39 Am. Dec. 601). The judgment for defendants by its own vigor dissolved the attachment; the undertaking on appeal did not stay the self-executing quality of the judgment appealed from, and therefore the land was freed from any lien at the time the plaintiffs received the deed. This conclusion finds ample support in the following authorities: *Meloy* v. *Orton,* 42 Fed. 513; *Ranft* v. *Young,* 21 Nev. 401 (32 Pac. 490); *O'Connor* v. *Blake,* 29 Cal. 316; *Loveland* v. *Mining Co.,* 76 Cal. 564 (18 Pac. 682); *Clap* v. *Bell,* 4 Mass. 99. See, also, *Franklin Bank* v. *Bachelder,* 23 Me. 60 (39 Am. Dec. 601); *Waring* v. *Fletcher,* 152 Ind. 632 (52 N. E. 203); *Miller* v. *Dixon,* 2 Kan. App. 445 (42 Pac. 1014); *Becker* v. *Steele,* 41 Kan. 173 (21 Pac. 169); *Ryan Drug Co.* v. *Peacock,* 40 Minn. 470 (42 N. W. 298). A different doctrine is announced in *Harrison* v. *Trader,* 29 Ark. 85. See, also, *King* v. *Watson,* 51 Colo. 293 (117 Pac. 165, Ann. Cas. 1913B, 178), and *Hurtgen* v. *Kantrowitz,* 15 Colo. 442 (24 Pac. 872), where the court intimates that the presence of a third party might be controlling. The remedy is with the legislature if the construction given to the statute works any injustice in attachment proceedings: *Becker* v. *Steele,* 41 Kan. 173 (21 Pac. 169).

For the reasons herein expressed the decree of the Circuit Court is reversed, and a decree is rendered for plaintiffs. REVERSED. DECREE RENDERED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BENSON and MR. JUSTICE BEAN concur.

Costs retaxed March 30, 1915.

## MOTION TO RETAX COSTS.

### (147 Pac. 991.)

MR. JUSTICE HARRIS delivered the opinion of the court.

The defendant John M. Grant did not have or claim any personal interest in the controversy, and he was made a party to the suit only because, as sheriff of Polk County, he was attempting to obey the commands of a writ of execution. It would not be equitable to make him liable for the costs and disbursements incurred by plaintiffs. The decree rendered herein is modified, and plaintiffs are awarded judgment for their costs and disbursements against the defendant Elizabeth Ingram only.    MODIFIED AS TO COSTS.