WAYNE M. TURNER AND JANICE A. TURNER, APPEL-LANTS, v. BONITA DORLAND, RESPONDENT.

No. 7038

September 28, 1973                    514 P.2d 210

*Hilbrecht, Jones & Schreck,* of Las Vegas, for Appellants.

*Lionel Sawyer Collins & Wartman* and *Roger A. Wirth,* of Las Vegas, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

On April 26, 1967, Respondent Dorland commenced this action against the Turners, appellants herein, to recover $12,-047.62 due on three promissory notes, plus $1,500 for damages to realty and removal of personal property therefrom. Contemporaneously with the filing of the action, a writ of attachment issued, and the sheriff levied on certain real property of the Turners', known as the Sunset Motel.

Nearly 2 years later, on March 3, 1969, the Turners and Dorland entered into a stipulation wherein the attachment was discharged, and a cash deposit of $13,547.62 was placed in a Las Vegas bank to satisfy any judgment that Dorland might recover.

Three years thereafter, on March 27, 1972, the Turners filed a motion to dismiss and, in the alternative, motion to discharge writ of attachment, predicated upon the alleged unconstitutionality of the Nevada attachment statutes. That motion was denied on April 19, 1972.

After certain amendments to the pleadings, the Turners filed on May 4, 1972, another motion to discharge excessive attachment and to exonerate attachment bond, again renewing the constitutional attacks presented in the March 1972 motion. The district judge denied the second motion on May 10, 1972, and the Turners have appealed from that order.[1]

---

[1]The learned judge, in denying the motion, ruled in part as follows:
". . . This motion is to dismiss an attachment, dismiss an excessive attachment and to exonerate attachment bond. Precisely speaking, logically analysing the words used we don't have an attachment at all, so there is no excessive attachment. I don't like to hide behind fine distinctions but there is no attachment as I have previously ruled to either discharge or reduce or—I don't know how you reduce an attachment unless it's on funds of some kind. . . . So legality or illegality of attachment, constitutionality or unconstitutionality of the attachment laws, in this Court's opinion, are not in controversy at this hearing. . . ."

In September 1972, Respondent Dorland filed with this court a motion to dismiss the appeal, based on two grounds: (1) That the appeal was not timely docketed and (2) that the order appealed from was not an appealable order. NRCP 72(b)(2).[2] Even though the appeal was not timely docketed as provided by the Rules, we denied the motion to dismiss, on the ground that the appellants had made a showing of excusable neglect in failing to docket the appeal within the prescribed time period.

In the appeal proper, Respondent Dorland has renewed her motion to dismiss, urging again the nonappealability of the order of the lower court.

The March 1969 agreement of the parties provided in paragraph 5:

"5. Upon the signing of this Stipulation, the Court shall order the parties to conform thereto and this Stipulation together with the Order shall be thereafter recorded in the office of the Clark County Recorder, Las Vegas, Nevada, *and that immediately upon such recordation, the attachment heretofore levied against the aforesaid real property shall be dismissed, discharged, and released of record and shall be of no further force or effect.*" (Emphasis added.)

The agreement was recorded on March 6, 1969. Thereafter, as provided in the stipulation, the attachment ceased to exist, because the parties had agreed that it "shall be dismissed, discharged, and released of record and shall be of no further force or effect."

The Nevada case of Ranft v. Young, 21 Nev. 401, 32 P. 490 (1893), is controlling in the instant case, and mandates dismissal of the appeal. In Ranft, the plaintiff, Young, had caused an attachment to be levied against Ranft's property contemporaneously with the filing of the complaint. The defendant, Ranft, prevailed at trial and thereafter moved to discharge the attachment. The lower court denied the motion, and he appealed. This court ruled that, under Gen. Stats. § 3160, then in effect, the writ of attachment was discharged upon recovery by defendants against attacking plaintiffs and

---

[2]NRCP 72(b), in applicable part:

"(b) Appealable Determinations. An appeal may be taken:

" . . .

"(2) From an order granting or refusing a new trial, or granting or refusing to grant or dissolving or refusing to dissolve an injunction, or appointing or refusing to appoint a receiver, or vacating or refusing to vacate an order appointing a receiver, or dissolving or refusing to dissolve an attachment, or changing or refusing to change the place of trial, and from any special order made after final judgment."

that, therefore, there was no attachment to be dissolved. The court held, 21 Nev. 402–403, 32 P. 490–491:

"Is this an appealable order? We think not. Appeals from orders dissolving or refusing to dissolve an attachment are provided for by Stat. 1887, p. 91; but, from the view we take of the case, there was no attachment in existance [sic] in this case on the 23d day of August, 1892. The attachment had been discharged by virtue of the judgment of the court in the case in which the writ issued.

" . . .

"From the moment the judgment was rendered the attachment was dissolved, the lien created by it was vacated, and the property released from the custody of the law; . . ."

The court held that if there was a remedy, it must be against the sheriff's holding the property after judgment.

Likewise, in the instant case, when the March 1969 agreement of the parties was recorded, the attachment previously levied against the Sunset Motel was "dismissed, discharged, and released of record and . . . of no further force or effect." Therefore, Judge Sundean's order dismissing appellant's motion to discharge excessive attachment and to exonerate attachment bond was proper, and this appeal is dismissed.

THOMPSON, C. J., and GUNDERSON, BATJER, and ZENOFF, JJ., concur.