## WATSON v. STEVENS et al.

### (Circuit Court of Appeals, First Circuit. October 29, 1892.)

BILL OF REVIEW—APPEAL—MANDATE.

After the decision of an appeal it was made to appear by suggestion of counsel in open court, and by a verified petition supported by affidavits, that counsel for the defeated party conceived himself entitled to make application for leave to file a bill of review. *Held,* that the circuit court of appeals would not itself determine the right of such party to file the bill, but would, in its mandate, reserve to him liberty to file an application therefor in the circuit court, and to proceed thereon and on the bill of review, as the circuit court might determine.

### Appeal from the Circuit Court of the United States for the District of Massachusetts.

In Equity. Bill by Jeremiah M. Watson against George H. Stevens and others for infringement of letters patent No. 367,484, issued August 2, 1887, to the complainant, for the "method of" and apparatus for compressing shank stiffeners. The circuit court held that the alleged invention consisted only of the mechanical adaptation of well-known machines and processes to a new use, and dismissed the bill. 47 Fed. Rep. 117. The complainant appealed to this court, which, on September 6, 1892, rendered the following decision, (see 51 Fed. Rep. 757:)

"The decree of the circuit court is reversed. The first and sixth claims of complainant's patent are sustained for use in producing shank stiffeners from leather board; and the case is remanded to the circuit court, with instructions to enter a decree for complainant for an accounting, and for a perpetual injunction against making, vending, or using. for producing shank stiffeners from leather board, any machine or method infringing the first or sixth claims; and for other proceedings in conformity with this opinion; the complainant to recover his costs in this and the circuit court."

Thereafter, on September 28, 1893, the appellees (defendants below) filed in the circuit court of appeals a petition supported by affidavits alleging that, since the publication of the opinion on the merits of the appeal, they had discovered the existence and use of two machines for more than two years prior to the application for the patent, which machines were an anticipation of the alleged invention. The machines were described in full, and the petition alleged that their existence and use were well known to complainant before applying for his patent. The relief prayed was:

"(1) That this case be reopened for the purpose of introducing the newly-discovered evidence herein referred to. (2) That this case be remanded to the circuit court, with instructions that the case be reopened for the purpose of introducing the newly-discovered evidence herein referred to. (3) That the decree in this case shall be without injunction, or that injunction proceedings shall be suspended until such time as your petitioners shall have an opportunity, when the case is remanded to the circuit court for further proceedings, to move in that court for the reopening of the case for the introduction of the newly-discovered evidence herein referred to; and, in case said motion is granted by said circuit court, that the injunction proceedings shall be suspended, pending the final determination of the cause on the new evidence. (4) That the decree in this case shall not be entered or recorded, and that all proceedings therein shall be stayed pending the consideration of this petition. (5) Your petitioners pray for such other or further relief in the premises as to this court may seem meet, and as is required by the principles of equity and good conscience."

The appellant thereafter filed a motion to strike this petition and its accompanying affidavits from the files, which motion was heard before Colt and Putnam, circuit judges, and Aldrich, district judge. At this hearing the court suggested that under the decision in Southard v. Russell, 16 How. 547, 571, permission should be obtained by application to the circuit court of appeals to file a bill of review or supplemental bill in the nature thereof, and thereupon counsel were granted leave to file briefs on the question of the appropriate procedure.

### Frederick P. Fish and W. K. Richardson, for appellant.

At the hearing it was suggested by the court that under the decision in Southard v. Russell, 16 How. 547, 571, permission to file a bill of review or a supple

mental bill in the nature thereof should be obtained by application to the appellate court. Upon examination of that case and all other cases we could find, we frankly admit that such appears to be the law. (For convenience we will speak of defendant's remedy as a "bill of review," though it is technically a "supplemental bill in the nature of a bill of review," for the same rules apply to both.)

The petition of defendants, (appellees,) however, is entirely insufficient to be taken as a petition for leave to file a bill of review which is of a definite form. See 2 Daniell, Ch. Pl. (5th Ed.) p. 1578, note 1. We do not, however, desire to oppose any technical objections, but we submit that the petition ought to be amended to clearly state what it desires. As it stands, it gave no notice whatever to us that leave to file a bill of review was to be applied for; and, as we therefore filed a motion to suppress, we submit that we should be allowed costs on the motion and argument, as is done when a bill of complaint is amended after demurrer.

Treating this petition, then, as amended into a petition for leave to file a bill of review, a difficulty at once occurs, namely, is the question whether a bill of review should be allowed to be filed to be decided by the circuit court of appeals or by the circuit court? It was suggested by the court at the argument that the application to the appellate court was merely formal, and leave would be granted as of course. This can be so only if the appellate court simply reserves to defendant the right to apply to the circuit court for leave to file, for it is plain that the preliminary questions of diligence and materiality must be settled by some court before leave to file is finally granted. This will appear from the following considerations:

It is well established generally that granting of leave to file a bill of review is not a matter of course. "The granting of such a bill of review for newly-discovered evidence is not a matter of right, but it rests in the sound discretion of the court." Story, Eq. Pl. (10th Ed.) § 417; 2 Daniell, Ch. Pl. (5th Ed.) p. 1577, note 2. This rule is expressly stated by Mr. Justice Story in the leading case on bills of review. Dexter v. Arnold, 5 Mason, 303, 315.

The principal preliminary question to be examined by the court before granting leave to file such a bill of review is whether the alleged newly-discovered evidence was not discovered by the party until after publication of the decree, and could not have been known to him by the use of reasonable diligence. In Dexter v. Arnold, above cited, at page 312, Story, J., says:

"In regard to new matter, there are several considerations deserving attention. * * * In the next place, the new matter must have come to the knowledge of the party since the period in which it could have been used in the cause at the original hearing. * * * A qualification of the rule, quite as important and instructive, is that the matter must not only be new, but that it must be such as that the party, by the use of reasonable diligence, could not have known it, for, if there be any laches or negligence in this respect, that destroys the title to the relief."

The court cites numerous English decisions to this effect. (In this case, affidavits from both sides were received in order to determine whether the matter was newly discovered or not.) See, to the same effect, Story's Eq. Pl. (10th Ed.) § 414, citing numerous English and American cases. The rule as to diligence is stated as follows by 2 Daniell, Ch. Pl. p. 1578:

"Upon the application [for leave to file a bill of review] the court must be satisfied that the new matter has come to the knowledge of the applicant and his agent for the first time since the period at which he could have made use of it in the suit, and that it could not, with reasonable diligence, have been discovered sooner."

1 Fost. Fed. Pr. (2d Ed.) § 355, states the rule as follows:

"Leave should be obtained by a petition praying for leave to file the bill, supported by an affidavit showing that the new matter which it is desired to prove was not known to the petitioner, and could not have been discovered by him with the exercise of due diligence, in time to prove it before the entry of the decree sought to be reviewed."

The reasons for this rule are vigorously stated by Lord Eldon,—Young v. Keighly, 16 Ves. 348, 351, where he says, after stating that the evidence newly offered is very material:

"On the other hand, it is most incumbent on the court to take care that the same subject shall not be put in the course of repeated litigation, and that, with a view to the termination of the suit, the necessity of using reasonably active diligence in the first instance should be imposed upon parties; and the court

must not, therefore, be induced by any persuasion as to the fact that the defendant had originally a demand which he clearly could have sustained to break down rules established to prevent general mischief at the expense even of particular injury."

See Bingham v. Dawson, 1 Jac. 243, where Lord Eldon, in dismissing a petition for leave to file a supplementary bill in the nature of a bill of review, said: "If it is to be laid down that a party may go on to a decree without looking over the defense, and may then make application of this kind, there will never be an end to them. It is not a case of a search made, and a miscarriage in that search, but it does not appear that there was any search at all."

Mr. Chancellor Kent also states the same rule emphatically in Wiser v. Blachly, 2 Johns. Ch. 488, 491; and it is laid down also in numerous decisions of the supreme and circuit courts.

It is equally well settled that the alleged newly-discovered evidence must be so material that it would unquestionably lead to a reversal of the judgment, and that it must not be cumulative.

These questions of "diligence" and "materiality" are preliminary questions, which must be settled by some court before leave to file a bill of review is granted. After leave has been once granted, the bill is filed, and the contest proceeds as to the truth and sufficiency of the new evidence. We submit that it is our undoubted right to be heard on these preliminary questions, and we fully believe that we can show absolute lack of diligence on the part of the defendants, if not full knowledge of the "new" facts from the beginning. We desire the opportunity also to file counter affidavits on this question of diligence, as Mr. Justice Story stated was the proper practice, in Dexter v. Arnold, above cited. And it seems obvious that this question should be settled before leave to file is granted; it is plainly a preliminary question affecting the right to file the bill at all.

Whether, in the case at bar, this investigation of the right of the defendants to file a bill of review should be made by the circuit court of appeals, or by the circuit court, it is not necessary for us to urge; but we submit that, if this appellate court declines to decide the question, the court clearly should not give the defendant absolute leave to file a bill of review. Its mandate should merely give the lower court power to entertain an application for leave to file a bill of review, in order that we may there have the opportunity of addressing ourselves to the discretion of the court, and showing that this is not a case where a bill of review should be allowed to be filed.

As the question of practice is, however, an interesting and novel one to this court, we will say that, upon as thorough an investigation of cases as the time allowed to us has permitted, we believe that the proper practice is that it is the appellate court which should exercise its discretion in granting the leave, after hearing counsel on both sides on the preliminary questions of diligence and materiality. The various citations which we have given above from text books and cases as to the rules to be followed in granting or refusing leave to file, make no distinction whatever between courts of appeal and courts of the first instance, and it would appear that whichever court is properly applied to for leave to file (in this case, the appellate court) has the consequent duty of exercising the discretion. The cases of Southard v. Russell, 16 How. 547; U. S. v. Knight's Adm'r, 1 Black, 488; Kingsbury v. Buckner, 134 U. S. 650, 671, 10 Sup. Ct. Rep. 638,—where it is said that permission to file a bill of review in a case decided by the supreme court should be given by the supreme court, throw no particular light upon the question how the permission is granted. But in the two cases which we have discovered, in which a petition for leave to file a bill of review was filed in the supreme court, that court considered the questions of diligence and materiality, heard arguments on both sides, and rendered opinions denying the motion for leave. It would seem that these cases are direct precedents for this court. Rubber Co. v. Goodyear, 9 Wall. 805; Purcell v. Miner, 4 Wall. 521.

In the former case the court quotes the rule as to diligence, and then says:

"Whether such an application shall be granted or refused, rests in the sound discretion of the court. The requisite leave is never a matter of right."

The subject of bills of review is thoroughly considered in the recent case of Kimberly v. Arms, 40 Fed. Rep. 548, 553, where Judge Jackson says:

"The court rendering the decree should properly exercise the discretion of granting or withholding leave to the unsuccessful party to file a bill of review to impeach or set it aside, either for error apparent or for new matter. The inferior court should not be called upon to exercise such discretion or to grant such

leave in respect to the decree of a superior court, over whose judgment it possesses no control or right of supervision."

It would seem, therefore, that the appellate court should determine whether leave should be granted after a full consideration of the questions which affect its discretion, and not grant the application as a matter of course, leaving the question to the lower court.

We do not, at this stage of the case, include in this brief an argument on the question of defendants' diligence, because, owing to the strong intimation from the court at the argument, we do not feel certain that they will determine this point. If, however, this court shall decide (as would seem to be the correct practice from the cases above cited) that it will exercise its discretion in granting leave to file a bill of review, then we hereby respectfully ask to be heard or to file a brief as to the showing made by the defendants' affidavits upon the question of diligence. We desire to cite the decisions of Judge Blatchford, Judge Wallace, and others on reopening patent causes by a bill of review. We believe that we can show from defendants' affidavits such an absolute lack of the diligence required as will induce the court to decline to reopen this case, which has been pending for five entire years, when the alleged facts now brought forward as to an alleged "prior use" were either known by the defendants, or perfectly accessible to him during the entire period. If this court shall entertain the question of diligence, we also ask for leave, under the practice sanctioned by Mr. Justice Story in this circuit, to introduce counter affidavits, to show absolute want of diligence on the part of the defendants. This is the only stage in the case when we can properly be heard upon this point.

We also shall desire to submit that, if leave be given to the defendants to file a bill of review, it must plainly be dependent upon the payment of complainant's costs up to this stage of the case. This is not only equitable, but is the established practice when a case is reopened to admit alleged newly-discovered evidence. Judge Lowell settled the practice for this circuit in Henry v. Stove Co., 5 Ban. & A. 108, 111: "The patent having been sustained at the first hearing, the complainant should have his costs to the time when the rehearing was ordered."

William A. McLeod, for appellees.

Upon a consideration of the case, it would seem that the appropriate relief for the petitioners is by a bill of review in the circuit court. 1 Fost. Fed. Pr. § 355, p. 672; Story, Eq. Pl. § 403 et seq., (see section 412.)

The circuit court cannot entertain such a bill when the case has been heard and decided by the appellate court without leave of the latter court. Southard v. Russell, 16 How. 570, and cases cited; U. S. v. Knight's Adm'r, 1 Black, 489; Kimberly v. Arms, 40 Fed. Rep. 548,—where the practice is fully discussed by Judge Jackson; Story, Eq. Pl. § 419, (see note.)

It is proper, therefore, for this court to grant such leave in this case upon this petition. That a prayer for general relief will enable the court to grant any relief appropriate will not be disputed. Id. § 40.

The motion of the respondents to strike the petition and affidavits from the files ought not to be granted—

(1) Because the petition can only be taken from the files for irregularities in the petition itself. Wood v. Griffith, 1 Mer. 35; 1 Fost. Fed. Pr. § 352, middle p. 667. The regularity of the petition is not questioned on this ground.

(2) If relief is granted under the petition, the petition ought not to be stricken from the files.

It is submitted that the petitioners are entitled to such action by this court as will preserve their rights to proceed by way of a bill of review in the circuit court, and that their petition and affidavits ought not to be taken from the files.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PER CURIAM. Ordered, that whereas, it appears from the suggestion of the counsel for the appellees made in open court, and accompanied with a verified petition and affidavits, that the appellees conceive that they will have just cause for application for leave to file a bill of review and to proceed with such bill, this court reserves to

the appellees liberty to file such application, and proceed thereon and on such bill of review in the circuit court as the circuit court may determine; and this order shall form a part of the mandate in this cause, which shall issue forthwith.