Decided April 5, 1897.

## NESSLEY v. LADD.

(48 Pac. 420.)

BILL OF REVIEW—REHEARING—JURISDICTION OF EQUITY.—A motion will not lie in the Supreme Court for a rehearing and for an order opening a decree that has been affirmed on appeal in order that newly discovered evidence may be considered; the remedy being by an original suit to vacate the decree under section 381 of the Code: *Crews v. Richards*, 14 Or. 442, approved and applied.

This case was considered, and the decree of the court below affirmed at the Pendleton term in 1896 (29 Or. 354, 45 Pac. 904), and comes up now on a motion for a rehearing. The particular grounds of the application are stated in the opinion.

MOTION OVERRULED.

For the motion there was a brief over the names of *Baker & Baker*, and *Cox, Cotton, Teal & Minor*.

*Contra*, there was a brief by *Mr. Thos. H. Crawford*.

Opinion by MR. JUSTICE WOLVERTON.

On the appeal in this case there was an affirmance, and the appellants now move for a rehearing, and that the decree of the court below be set aside, and the cause reopened for the consideration of newly discovered evidence. The motion is supported by affidavits showing, in purport, the evidence relied upon, which it is alleged has been discovered since the decree was affirmed. Prior to the appeal there was a motion filed in the Circuit Court by the same parties for a new trial, based upon alleged newly discovered evidence, but the evidence here relied upon is not the same as there presented. The purpose of the motion, as stated by counsel, is to have this court

reopen the case, and remand it to the lower court with directions to take this new evidence into consideration with that originally submitted, and from the whole to determine the cause ab initio. This is, in effect, what was accomplished under the old equity practice by a bill in the nature of a bill of review, accompanied by a petition to rehear the original cause; and its purpose was to impeach a decree which had not been enrolled, and was always preferred upon leave of the court first had and obtained: Gibson's Suits in Chancery, § 1063. The form of such a bill resembled very nearly that of a bill of review, except as to the relief demanded, which was that the cause be heard touching the new matter at the rehearing on the original bill. It stated the former bill and proceedings thereon, the decree, and the point in which the complainant conceived himself to be aggrieved by it, and the new matter discovered upon which he sought to impeach it. There was a plea or traverse, and a trial proceeded regularly upon the issues thus joined: 2 Daniell's Chancery Pleading and Practice, *1579-1583. A strong current of authorities holds to the doctrine that where there has been an appeal and a decree by the appellate court, leave must be obtained in that court, or the right to file the bill reserved in its decree. The reasoning upon which the doctrine is maintained is that an inferior court ought not to be permitted to review or revise a decree of a superior court without permission of the latter: *United States* v. *Knight's Administrator,* 66 U. S. (1 Black), 488; *Southard* v. *Russell,* 57 U. S. (16 How.) 547; *Stafford* v. *Bryan,* 2 Paige's Ch. 46; *Kimberly* v. *Arms,* 40 Fed. 548; *Watson* v. *Stevens,* 53 Fed. 31 (3 C. C. A. 411); *Franklin Savings Bank* v. *Taylor,* 53 Fed. 855 (4 C. C. A. 55); *In re Gamewell Fire-Alarm Telegraph Co.,* 73 Fed. 908 (20 C. C. A. 111); *Ryerson* v. *Eldred,* 18 Mich. 490; *Gale* v. *Nickerson,* 144 Mass. 415 (11 N. E. 714). The authorities, however, are

not all agreed; and it is maintained by some that the court of chancery has inherent power, without consent of the appellate tribunal, to review its decree on the ground of newly discovered evidence, although passed upon on appeal. See *Putnam* v. *Clark*, 35 N. J. Eq. 150, and authorities there cited. But, whatever may be the true rule with regard to the forum wherein application therefor should be made, i* is always necessary that leave should be first obtained from a tribunal competent to grant it, before a bill of review or a bill in the nature of a review based upon newly discovered evidence can or will be entertained: *Flower* v. *Lloyd*, L. R., 6 Ch. Div. 297. Thereafter the bill or supplemental bill—its nature depending upon whether the decree has been enrolled or not—is filed as an original proceeding in the court wherein the decree complained of was announced, and is there prosecuted: Gibson's Suits in Chancery, § 1060; Beach on Modern Equity Practice, § 863; *Dodge* v. *Northrop*, 85 Mich. 243 (48 N. W. 505). A case is cited from Michigan holding the proper practice to be, where a case is made out for a rehearing upon newly discovered evidence, by petition filed in the Supreme Court, to remand the cause to the court below, with appropriate directions for a rehearing there *(Adams* v. *Field*, 25 Mich. 18); but we have been unable to find a precedent elsewhere for such practice. In *Russell* v. *Southard*, 57 U. S. (12 How.) 158, under conditions very similar to the case at bar, Chief Justice Taney refused a like motion for rehearing. In deciding the motion, he said: "It is very clear that affidavits of newly discovered testimony cannot be received for such a purpose. This court must affirm or reverse upon the case as it appears in the record. We cannot look out of it for testimony to influence the judgment of this court sitting as an appellate tribunal. And, according to the practice of the court of chancery from its earliest history to the

present time, no paper not before the court below can be read on the hearing of an appeal." These are the only cases we find coming near the present question. Both these jurisdictions seem to have retained the common law chancery practice, and the constant exercise of their judicial powers and functions is in accord therewith. The bill of review and the supplementary bill in the nature of review are recognized in both as appropriate and legitimate instrumentalities by which to obtain a modification or impeachment of a decree of the court, and in each the trial in the appellate court is anew, and is confined strictly to the testimony offered in the court below. So it would seem there is no sufficient reason for the divergence in the practice attending a petition for rehearing in the Supreme Court made in the Michigan case, unless it may be accounted for by some chancery rule or statute peculiar to that state.

The decisions of this court are instructive in this connection. In *Day* v. *Holland*, 15 Or. 464 (15 Pac. 855), it was held that the jurisdiction of this court is appellate and revisory only, and it can exercise no original jurisdiction; that an appeal from a decree does not break it up, and, until annulled or reversed, it is binding upon the parties as to every question directly decided; and that the distinction which had formerly existed between the effect to be given to an appeal and the suing out of a writ of error has been swept away by the enactments of the Code. Under the former chancery practice the appeal suspended the decree of the court below, so that it could not be carried into execution until after the appeal had been disposed of, while a writ of error left the judgment in full force, although, if bail was put in, it operated as a supersedeas; but since the adoption of the Code procedure it would seem that a judgment and decree are alike operative, and stand upon the same footing, until reviewed and

revised upon the appeal, and a stay must be obtained, if at all, by the statutory mode. So that, while, under the Code procedure, in equity, the appeal brings the case here to be tried anew upon the transcript and evidence, the decree of the court below remains in full force and effect, and may be carried into execution unless stayed in the manner provided therefor. Thus the appeal is more nearly assimilated to the writ of error than under the old practice. Again, it has been decided in *Crews* v. *Richards*, 14 Or. 442 (13 Pac. 97), that under the Code (§ 381, Hill's Code), an original suit, based upon similar grounds to those which were formerly sufficient to found proceedings by a bill of review or a bill of that nature, may now be maintained in equity to impeach, set aside, suspend, or avoid a decree; so that the old procedure by such bills is entirely eliminated from our equity practice, and an original suit substituted by which to accomplish the same purpose. Such a suit may be instituted as a matter of right and without leave, and there appears now no reason why the decree of this court may not be the subject of such attack as well as that of the court below. It is clear that we ought not to adopt a practice so nearly analogous to that which has been specially abolished by statute. A motion for rehearing, based upon newly discovered evidence, might very properly have been entertained by the court below, if filed in season; and, acting by authority of its original jurisdiction, it could have set aside its decree and ordered a new trial. This court, however, in the exercise of its appellate jurisdiction, acts only upon the transcript and the evidence, and it cannot permit its action to be governed or controlled by affidavits touching testimony aliunde. It cannot set aside a decree except by the record. The situation is this: We have affirmed the decree of the court below upon the transcript and evidence, and this determination remains unquestioned by the mo-

tion; but we are asked, in consideration of newly discovered evidence, to vacate the decree of the court below, and direct a rehearing there. It must be conceded that an allowance of the motion would not be in the exercise of strictly revisory powers. But, notwithstanding, if it was necessary, to prevent a failure of justice, to establish such a rule, we would hesitate long before refusing to adopt it or some rule suitable to the purpose; but the plaintiff has an adequate remedy by original suit, and it is wholly unnecessary to provide another. For an analogous holding, see *Flower* v. *Lloyd*, L. R., 6 Ch. Div. 299, where it was held that leave would not be granted for a rehearing of the appeal before the court of appeal on the ground of the subsequent discovery of facts tending to show that the decree was obtained by fraud practiced upon the court below, for the reason that in such a case the decree could be impeached by original bill. Let an order be entered overruling the motion.

MOTION OVERRULED.

Decided April 5, 1897.