CENTRAL CALIFORNIA CANNERIES CO. v. DUNKLEY CO. et al.
and seven other cases.

(Circuit Court of Appeals, Ninth Circuit. June 19, 1922.   Rehearing Denied August 7, 1922.)

No. 3824.

1. **Appeal and error ⬤⟾78(2)—Order permitting joinder of new party not appealable.**

 An order granting leave to join a new party plaintiff is not a final decree and not appealable.

2. **Equity ⬤⟾442—Bill of review maintainable only after final decree.**

 A bill of review is an appropriate remedy only after final decree, as before the entry of such decree a petition for rehearing may be entertained.

3. **Appeal and error ⬤⟾1178(1)—Permission to lower court after affirmance, to entertain petition for rehearing.**

 Leave granted to appellants, after affirmance of interlocutory decree, to file petitions for rehearing in the trial court.

Appeals from the District Court of the United States for the Southern Division of the Northern District of California; William C. Van Fleet, Judge.

Suits in equity by the Dunkley Company (now known as the Michigan Canning & Machinery Company) and the Dunkley Company against the Central California Canneries Company, against the Griffin & Skelley Company, against the J. C. Ainsley Packing Company, against the Anderson-Barngrover Manufacturing Company, against the Golden Gate Packing Company, against J. F. Pyle & Son, Inc., against the Hunt Bros. Company, and against the Sunlit Fruit Company. From orders permitting joinder of new party plaintiff, defendant in each case appeals. Dismissed. Heard also on motions by defendants for leave to file bills in the nature of bills of review. Leave granted to file petitions for rehearing.

For opinion below, see 277 Fed. 1001.

Kemper B. Campbell, Frederick S. Lyon, Francis J. Heney, and William J. Carr, all of Los Angeles, Cal., for appellants.

Fred L. Chappell, of Kalamazoo, Mich., and W. A. Richardson, of San Francisco, Cal., for appellees.

Before MORROW and HUNT, Circuit Judges, and DIETRICH, District Judge.

MORROW, Circuit Judge. These suits, consolidated by stipulation of the parties, were commenced August 6, 1915, by the Dunkley Company. They are for injunctions restraining the defendants from infringing plaintiff's patent, No. 1,104,175, for a device for peeling peaches and other fruits. Plaintiff's assignor, Samuel J. Dunkley, made application for the patent in suit on November 29, 1904. The application was for "the improvement in machines for peeling peaches and other fruit," patent on which was issued July 21, 1914. In the

⬤⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

progress of this application through the Patent Office, eight claims were added for "the process of peeling. fruit and vegetables." The Examiner held that the applicant was not entitled in his machine application to prosecute claims for the process of peeling peaches, which process constituted a subject-matter of invention distinct and different from that involving claims for the machine. The applicant thereupon canceled these claims for the process in the machine application and incorporated them in an application, dated June 25, 1914, for "the process of peeling peaches and other fruits and vegetables." Upon this application patent No. 1,237,623 was issued to Dunkley August 21, 1917.

Interference was declared by the Commissioner of Patents September 3, 1907, with patent No. 864,944 issued to Beekhuis September. 3, 1907. The file wrapper shows that priority of invention and use was under critical and extended examination by the officers of the Patent Office for five years. All the tribunals of the Patent Office found that Dunkley was the first to conceive and reduce to practice the mechanism of the apparatus, provided he was entitled to make the claims of the issue. The decision turned upon the effect of the words "peeling jets of water," which are found in each of the claims. The Commissioner awarded priority to Beekhuis. Dunkley appealed from that decision to the Court of Appeals for the District of Columbia. That court, in a decision rendered January 6, 1913, held that:

"Dunkley was the first to invent and put in practice a rapid and effective machine for peeling peaches. This comprised in the combination the jets of water which he evidently realized aided in the removal of the skins when disintegrated by the alkali solution. That he did not realize the full extent of their agency cannot deprive him of the benefits accruing from their use. His specifications and construction afforded sufficient foundation for the claims, and, as he was the first to conceive the idea and reduce it to successful practice he is entitled to the award of priority."

The decision was certified to the Commissioner of Patents. Dunkley v. Beekhuis, 190 O. G. 267, 39 App. D. C. 494. Award of priority of invention and use was accordingly given to Dunkley by the Commissioner of Patents on June 16, 1914. A patent was thereupon issued to the plaintiff, the Dunkley Company, as the assignee of Samuel J. Dunkley.

In the present suits in the District Court of the Northern District of California, Southern Division, it was alleged that the defendants had made and were using infringing machines. Defendants' answers raised the issues of prior invention and use. Upon the trial it was contended by the defendants that the evidence was in some respects substantially different from that presented to the Court of Appeals of the District of Columbia, but Judge Van Fleet, before whom the cases were tried in the District Court (277 Fed. 1001), was unable to find that there was any such essential difference as to warrant the court in holding other than the conclusion reached by the District of Columbia court. The court accordingly held that plaintiff's patent was valid and that the defendants were infringers, and thereupon the court awarded an interlocutory decree in each case. These decrees were entered December 8, 1916, and are still pending. From these decrees in favor of plaintiff the defendants appealed to this court. The appeals were

heard and the evidence reviewed. Central Cal. Canneries Co. v. Dunkley Co., 247 Fed. 790, 159 C. C. A. 648. The decrees of the District Court were affirmed. A petition for rehearing was denied. A petition to the Supreme Court of the United States for certiorari was denied December 17, 1917. 245 U. S. 668, 38 Sup. Ct. 134, 62 L. Ed. 539.

On May 1, 1918, defendants filed a motion in this court for certain orders to the District Court, and among others an order to vacate the above-mentioned decrees; also an order to reopen the cases for further testimony and proof on behalf of the defendants. The motion was denied May 20, 1918. The order provided that the mandates of this court "are hereby directed to issue without prejudice to the right of the plaintiff appellee herein to apply to the District Court for leave to make the Dunkley Company or such other corporation or persons as plaintiff appellee may contend is or are proper or necessary parties plaintiff to the action." The mandates in accordance with the order of this court were issued May 20, 1918.

Thereafter, on October 14, 1918, the defendants moved the District Court to request this court to withdraw its mandates of affirmance and authorize the District Court to set aside its decrees and all other proceedings had therein, and to reopen the trial and hearing of each of said causes, and permit the defendants to reform and amend their pleadings, for the purpose of receiving certain alleged newly discovered evidence bearing on the validity of the plaintiff's patent and its infringement by the several defendants, and upon such hearing to enter new and different decrees if the evidence warranted such action. The grounds of this motion were in substance that subsequent to the entry of the decrees herein, in a suit on the same patent by the plaintiff and its assignee against another alleged infringer (Dunkley Co. v. Pasadena Canning Co., 261 Fed. 203), tried before Judge Trippet in the District Court for the Southern District of California, certain further and additional evidence was produced and heard, which it was alleged could not with reasonable diligence have been earlier discovered, and was for that reason not available upon the trial of these causes; that the District Court for the Southern District of California heard the cases before it and held the patent void and dismissed the bill. This last decision, it is contended by the defendants, resulted in a conflict of decision as to the validity of the patent, and it was said it would work confusion and result in hardship to the defendants. It was claimed that the newly discovered evidence was of a character which would render it probable that on another hearing the patent would be held void by the District Court. There was a further and distinct ground that at the date of the hearing in the District Court the plaintiff had parted with all its interest in the subject matter of the suit by assigning its title in the patent pending the hearing to another corporation, and for that reason it was claimed the decrees were void and should be set aside.

The case before Judge Trippet in the Southern District of California was appealed to this court, and that decree affirmed, not upon the finding that the Dunkley patent was invalid, but upon the ground that, in view of the prior art, the Dunkley invention was limited to

the particular means employed, and, as so limited, defendants' device did not infringe. Dunkley Co. v. Pasadena Canning Co., 261 Fed. 386. A petition to the Supreme Court of the United States for certiorari in this case was denied April 20, 1920. 253 U. S. 485, 40 Sup. Ct. 481, 64 L. Ed. 1025.

The case of Dunkley Co. v. California Packing Corporation, before Judge Augustus N. Hand in the District Court for the Southern District of New York, 277 Fed. 989, affirmed by the Circuit Court of Appeals in the Second Circuit, 277 Fed. 996, was also called to the attention of Judge Van Fleet upon the motion of the defendants to request this court to withdraw its mandates of affirmance and reopen the cases in the District Court. The controlling question in the New York Case involved a license given by the Dunkley Company to the California Fruit Canners' Association, "for the benefit of itself and its successors," in settlement of an expensive conflict between Dunkley and the Fruit Canners' Association. The Fruit Canners' Association was the assignee of Beekhuis. This license was "free of royalties of any kind whatsoever, for the use of the said invention in connection with its business relative to the canning or treatment of fruit, granting unto the said California Fruit Canners' Association the free right for the use of any machine or machines or invention owned or controlled by the said Dunkley Company" and covered by the patents. With respect to the question expected to grow out of the Dunkley application at issue in that case the court said:

"But the issues in this litigation differ from those in any of the preceding causes. Here, as there, anticipation and lack of invention were advanced by the defense, but in addition there is a plea of license growing out of the following uncontradicted facts."

The court thereupon states the facts of the license and its transfer and assignment by the Fruit Canners' Association to the California Packing Corporation, the defendant in that case. The court said in its opinion:

"It is urged that this result is an attack upon Dunkley's rights as assured in the case brought in the Northern District of California, because he there obtained injunctions against two canning companies which have now been acquired by this defendant. But this is a mistaken view of legal rights. The injunction referred to necessarily ran against certain corporations. It affected the corporate personalty, and a license likewise affects persons and corporations, and does not directly reach machinery and buildings. The Griffin & Skelley Company and Central California Company may well remain under injunction and be required to account; but that is no reason why an unlimited licensee of Dunkley's may not buy the property of these two enjoined corporations and under his license use on his own property and in his own business machines properly forbidden to the former proprietors. Holding as we do that this defendant is the plaintiff's licensee, we need not go further and consider the validity and scope of Dunkley's patents. On this point we express no opinion, but affirm the decree below on the sole ground of license."

Judge Van Fleet, referring to these decisions, reached the conclusion that, with the highest consideration for the learning of both judges, he was impressed with neither the character of the new evidence nor with the conclusions reached in these cases.

"That there was a cloud of 'new' witnesses," says Judge Van Fleet, "it is quite true, giving indication that the country had been raked with a 'fine-toothed comb,' so to speak; but there was little 'new' evidence given by them, if the term be used to express the idea of material evidence. In fact, there is none, aside from one or two items of so-called documentary proof, which does not fall strictly within the characterization of the Supreme Court as being wholly insufficient in character as a basis to set aside or defeat an existing patent."

Judge Van Fleet concludes:

"In view of the considerations suggested, to grant defendants' motion would, as it seems to me, do violence to a cardinal rule for the guidance of courts, that when parties have had full opportunity to be heard there should be a period to litigation; and in the practical administration of the law a party has had full opportunity to be heard when he has been afforded a fair and reasonable opportunity."

[1] The court accordingly denied the defendants' motion to request this court to withdraw its mandates and authorize the District Court to set aside its decrees and reopen the cases for the purpose of receiving new testimony bearing upon the validity of the plaintiff's patent, and upon such rehearing to enter new and different decrees if the evidence so warranted. The court granted plaintiff's motion to add a new party plaintiff. The defendants prosecute their appeals from this order of the District Court. The order is not a final decree, and is not appealable in any aspect and the appeal must therefore be dismissed.

With respect to the motions of defendants for leave to file in the District Court original bills in the nature of bills of review, it will only be necessary to refer to the proceedings in these cases just stated on defendants' appeal, with these further observations by way of recital:

There is no apparent conflict between the decrees of the District Court for the Northern District of California, affirmed by this Court on appeal October 1, 1917, holding the Dunkley patent, No. 1,104,-175, valid and infringed (Central California Canneries Co. v. Dunkley Co., 247 Fed. 790, 159 C. C. A. 648), and the decree of Judge Trippet in the Southern District of California, as affirmed in this court in the same case on appeal (261 Fed. 386). In that case the suit was on the Dunkley machine patent, No. 1,104,175, and also on the Dunkley process patent, No. 1,237,623. It is true Judge Trippet held the Dunkley machine patent, No. 1,104,175, void for anticipation, and also not infringed, and the Dunkley process patent, No. 1,237,623, void for lack of invention, in view of the prior art. But this court did not affirm Judge Trippet's decision on such grounds. It held that the Dunkley patents were limited to the particular means employed for removing the skin of fruit after treatment, and, as so limited, the patents were not infringed by the defendants in that case.

Nor is there any apparent conflict between the decree of this court holding the Dunkley machine patent valid, and the decision of Judge Augustus N. Hand in the Southern District of New York in Dunkley Co. v. California Packing Corporation, 277 Fed. 989, as affirmed by the Circuit Court of Appeals in the Second Circuit in the same case, 277 Fed. 996. In that case the suit in the Southern District of Cal-

ifornia was on both the Dunkley patents, but involved also the question of a license granted by the Dunkley Company. It is true that Judge Hand in that case followed Judge Trippet in holding that patent No. 1,104,175 was void for anticipation and lack of invention, and that patent No. 1,237,623 was for the function of the Dunkley machine, and therefore invalid; but the Circuit Court of Appeals in the Second Circuit affirmed the decision of Judge Hand, not on the ground that the Dunkley patents were invalid, but on the ground that the defendant had succeeded to a license granted to it by defendant's predecessor in interest. The decree was expressly affirmed on that sole ground, and on no other.

[2] There are numerous cases in the books dealing with the right to file a bill of review in proceedings in equity based on Lord Bacon's famous ordinance. In this case the right to such relief lacks one essential element. It is not sought after a final decree. In the recent case of Simmons v. Grier Bros., 258 U. S. 82, 42 Sup. Ct. 196, 66 L. Ed. ——, decided by the Supreme Court February 27, 1922, we think that court declared the equitable rule applicable in this case. In that case the plaintiffs, Frederick E. Baldwin, with the John Simmons Company, brought a suit against the defendants upon a reissue patent for infringement in acetylene gas lamps and also for unfair competition. The District Court held claim 4 of the patent valid and infringed, and granted a permanent injunction, July 24, 1914, as to infringement and unfair competition, with an interlocutory decree for an accounting. Upon appeal to the Circuit Court of Appeals for the Third Circuit, the decree was affirmed as to unfair competition, but reversed as to validity of the claim of the patent involved; the appellate court holding that the claim was void. In a suit in the Southern District of New York upon the same patent by the same plaintiffs (John Simmons Company intervening) against Abercrombie & Fitch Company, it was held, in direct opposition to the Pennsylvania court, that the patent was valid and infringed. This decision was affirmed by the Circuit Court of Appeals for the Second Circuit and by the Supreme Court upon certiorari. After this plaintiffs petitioned the District Court of the Western District of Pennsylvania for leave to file what was called a "bill of review" against the decree entered January 5, 1916, upon the mandate in the Circuit Court of Appeals. The proceedings in the Pennsylvania court with respect to the right of the plaintiff to file a bill of review were finally taken to the Supreme Court upon a writ of certiorari, and upon that writ the court rendered its decision February 27, 1922. The Supreme Court held that the decree of the District Court for the Western District of Pennsylvania (July 24, 1914), although following a final hearing, was not a final decree, but was an interlocutory decree. Upon this state of the record the Supreme Court said:

"But a bill of review is called for only after a final decree—one that finally adjudicates upon the entire merits, leaving nothing further to be done except the execution of it. If it be only interlocutory, the court at any time before final decree may modify or rescind it. Story, Eq. Pl. §§ 408(a), 421, 425."

The court says further:

"Regarding, therefore, the decree of January 5, 1916, as an interlocutory, not a final, one, there is neither technical nor substantial ground for applying to it the rules pertaining to a bill of review, and the bill herein called such is to be treated as essentially a petition for rehearing. By the sixty-ninth equity rule (226 U. S. 669) such a petition is in order at the term of the entry of the final decree; and of course, if an interlocutory decree be involved, a rehearing may be sought at any time before final decree, provided due diligence be employed and a revision be otherwise consonant with equity."

The petition for leave to file in the District Court original bills in the nature of bills of review will therefore be denied.

[3] Regarding the defendant's petition for review as in effect an application for leave to the lower court to entertain a petition for a rehearing (Simmons Co. v. B. S. Grier Bros. Co., supra), we are of the opinion that the defendants should be authorized to file in the lower court an appropriate petition for a rehearing, and that court should be authorized to entertain and make disposition of the same, according to equity, upon considerations addressed to the materiality of the new matter and diligence in its presentation, without restraint by reason of any proceedings heretofore had or orders made in this court; and it is so ordered.

DIETRICH, District Judge, concurs in result.

HUNT, Circuit Judge (concurring). I concur in the result announced in the opinion by Judge MORROW. While I believe the appellate court in the exercise of a discretion has the power to decide that the bill, which is in the nature of a bill of review or motion for rehearing upon the ground of newly discovered evidence, may be filed, yet it is proper practice for such court to go no further than to hold that a sufficient showing is made to warrant it in granting to petitioner permission to apply to the District Court for leave to file the bill or motion. Watson v. Stevens, 53 Fed. 31, 3 C. C. A. 411; Board of Councilmen v. Bank (C. C.) 120 Fed. 165; In re Gamewell Fire Alarm Co., 73 Fed. 908, 20 C. C. A. 111.

The fact that, as affects the present matter, the District Judge has expressed an opinion upon the merits of the showing made by petitioner would seem to appeal to this court for a final determination of the question of the right to file the bill. But, on the other hand, as the opinion of the District Court was prematurely formed, it may be well assumed that, when properly brought before that court, the matter will have the same consideration it would be entitled to if initially presented.