Argued and submitted April 18, reversed and remanded for further proceedings
August 1, 1990

Daniel P. LOONEY,
*Appellant,*
*and*

Clarence KISER,
*Plaintiff,*

*v.*

Carol Diane AHO,
*Respondent,*
*and*

Gordon M. RIGGS,
and All Other Persons or Parties Unknown,
*Defendants.*

(860855; CA A60843)

795 P2d 1089

Warde H. Erwin, Portland, argued the cause for appellant.
With him on the briefs was Erwin & Erwin, P.C., Portland.

Alan H. Johansen, Portland, argued the cause for

respondent. With him on the brief were Stewart M. Whipple and Whipple & Johansen, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In *Looney and Kiser v. Aho,* 94 Or App 575, 767 P2d 934, *rev den* 307 Or 611 (1989), we rejected plaintiff's appeal from the judgment in this case and affirmed without opinion. While the appeal was pending, plaintiff moved for, and we allowed, leave to file a motion in the trial court to set aside the judgment. *Former* ORCP 71B(2).[1] However, we did not allow a waiver of the rules to enable the trial court to rule on the motion before the appeal was decided. The parties seem to agree that plaintiff's motion in the trial court was the "equivalent of a [motion for] a new trial."

After our decision on the merits, plaintiff moved that we reconsider it and, alternatively, that we remand to the trial court with instructions to rule on the motion pending there. We denied the motion by order on March 3, 1989:

"Appellant has moved for reconsideration of the court's disposition of this appeal and has requested that the appeal be decided by opinion. The motion is denied. Appellant alternatively has moved for a remand of the case to the trial court with directions to rule on a motion filed in the trial court under ORCP 71B. The motion is denied."

Plaintiff then sought a ruling in the trial court on the motion to set the judgment aside. The trial judge explained:

"In the abstract, I would be inclined to agree with [plaintiff's attorney] that an ORCP 71 motion filed pending an appeal, and properly allowed to be filed pending an appeal by order of the Court of Appeals given pursuant to ORCP 71 B.(2), would be ripe for consideration by the trial court at the conclusion of the appellate process. However, in this case, I conclude that [the Court of Appeals'] order of March 3, 1989, expressly prohibits the trial court from considering the motion."

Plaintiff appeals, among other things, from the resulting order denying his motion.[2]

---

[1] After the first appeal in this case, ORCP 71B(2) was amended to provide that a motion under ORCP 71A or B may be filed in *and decided by* the trial court while the case is pending on appeal. The amended rule is not applicable to this case.

[2] Defendant Aho moved to dismiss the appeal on the ground that the order is not appealable. We determined that the order is appealable and denied the motion by order.

The threshold question, not raised by the parties, is whether a trial court can have jurisdiction to set aside a judgment that we have affirmed. Arguably, the appellate judgment supercedes that of the lower court and cannot be disturbed by it. However, the Supreme Court held in *Nessley v. Ladd,* 30 Or 564, 48 P 420 (1897), that it could not, on rehearing, entertain a *motion to reopen a decree that it had* previously affirmed and remanded to the trial court with instructions to consider newly discovered evidence. Instead, the court concluded, the appellant could bring an "original suit" in the trial court to set the decree aside. The court explained:

> "Such a suit may be instituted as a matter of right and without leave, and there appears now no reason why the decree of this court may not be the subject of such attack as well as that of the court below." 30 Or at 568.

Although *Nessley* was an equity case and involved equitable procedures, it became part of the authoritative foundation for *former* ORCP 71B(2), which applied to judgments. The original comment to the rule cites *Nessley* for the proposition:

> "Under Oregon case law, during the pendency of an appeal the trial judge could not vacate a judgment for the reasons specified in section 71 B. *Caveny v. Asheim* [*et al,* 202 Or 195, 274 P2d 281 (1954)]. Since there may be a one-year time limitation for filing the motion, it should be possible to file such a motion in the trial court during the one-year period to await disposition of the appeal; this is provided by subsection 71 B.(2). Since the motion might affect the appellate court's consideration of the case, the rule requires notice and leave from the appellate court. After the termination of the appeal there is no reason to require permission of the appellate court." Merrill, *Oregon Rules of Civil Procedure: 1990 Handbook* 228-29.

■ We conclude that the *jurisdiction* of trial courts to consider post-judgment motions is not affected by the affirmance of a judgment on appeal. It may very well be that a motion that raises only issues that were or could have been resolved on appeal must be denied on its *merits, see Varley v. Consolidated Timber Co.,* 172 Or 157, 139 P2d 584 (1943), but that does not affect the court's jurisdiction to rule on them. The trial court has jurisdiction to decide plaintiff's motion. We turn to the issues raised by the parties.

■     Notwithstanding his more ornate arguments, plaintiff's first assignment presents the very narrow question of whether our March 3, 1989, order divested the trial court of authority to rule on the motion after the appellate judgment issued. The answer is no. We denied plaintiff's request for an appellate decision remanding the case to the trial court with instructions to rule on the motion. The reason that we did so was that the motion was not part of the appeal. It had not been ruled on by the trial court when the appeal was taken and had never been before us. Moreover, there was no statutory authority for us to remand for the trial court's disposition of the motion before the appeal was concluded. However, our order had no effect on its status in the trial court. It was properly filed in the trial court, pursuant to ORCP 71B(2), and the court erred by not making a dispositive ruling on its merits.

Plaintiff's second assignment is less than clear, but we understand it to assail the court's denial of his motion to reconsider the first motion. Our disposition of the first assignment makes the second moot.

Reversed and remanded for further proceedings not inconsistent with this opinion.